## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FELDER'S COLLISION PARTS, INC. | : | CIVIL ACTION |
| | : | |
| VERSUS | : | NO. 12-646-JJB-SCR |
| | : | |
| GENERAL MOTORS COMPANY, | : | JUDGE JAMES J. BRADY |
| ALL STAR ADVERTISING AGENCY | : | |
| INC., ALL STAR CHEVROLET NORTH, LLC, | : | MAGISTRATE JUDGE |
| ALL STAR CHEVROLET, INC., and | : | STEPHEN C. RIEDLINGER |
| DOE DEFENDANTS 1-25 | : | |

## **PROTECTIVE ORDER REGARDING CONFIDENTIALITY** [1]

This Protective Order Regarding Confidentiality ("Protective Order") establishes a procedure that both facilitates the disclosure of confidential documents and maintains the confidentiality of information that may be subject either to a claim that such information contains proprietary information or trade secrets or other confidential or sensitive commercial information. For good cause having been shown, IT IS HEREBY ORDERED:

### **SCOPE OF PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

1.  The terms of this Protective Order shall govern the disclosure and use of materials designated as "CONFIDENTIAL INFORMATION," whether so designated for the first time in this case or in other cases. This Protective Order governs the procedures for challenging designations of confidentiality and the terms, conditions, and restrictions on the production and use of the confidential materials. Further, this Protective Order governs disposition of all materials produced or revealed by the parties and non-parties in the course of discovery in this

---

[1] Paragraphs 8 and 19 have been modified to address filing and disposition of CONFIDENTIAL INFORMATION filed in the court record under seal. The modifications are in **bold type.**

{N2657780.1}                                            1

action.  Materials designated as "CONFIDENTIAL INFORMATION" shall not be disseminated, used or disclosed for any purpose beyond the scope necessary for litigation of this action.

2. This Protective Order applies to all information, documents and things, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and tangible things produced, and answers to requests for admissions, produced or otherwise disclosed or revealed to any party during the limited-scope and –duration discovery allowed by the Court's Order at Doc. No. 36 in this action (including each party's counsel and experts) by any other party or any third party providing documents or testimony in this action. The parties are instructed to discuss extension of this Protective Order to further discovery in this action at the time of their discovery planning conference pursuant to Fed. R. Civ. P. 26(f).

## DESIGNATION OF CONFIDENTIAL INFORMATION

3. Any material which has been marked as "CONFIDENTIAL INFORMATION" or with some substantially similar designation in this case or in any other case shall be treated as CONFIDENTIAL INFORMATION in this action.

4. A party disclosing or producing information, documents, or things in this action, which it believes to be "CONFIDENTIAL INFORMATION" under the standards provided herein shall designate and stamp the same as "CONFIDENTIAL INFORMATION."  A party shall designate as "CONFIDENTIAL INFORMATION" only that material which that party reasonably and in good faith believes is confidential and entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.  Any such designation shall be made at the time that answers to interrogatories or answers to requests for admission are served; or at the time, following inspection, that tangible things or copies of documents are furnished to a party conducting such discovery; or at the time at which documents are otherwise disclosed.  In the

case of a deposition transcript, a party claiming that information contained therein is "CONFIDENTIAL INFORMATION" shall advise all other counsel in writing of the specific pages of the deposition to be treated as "CONFIDENTIAL INFORMATION" within thirty (30) days following receipt of the transcript of the deposition. The burden of marking documents "CONFIDENTIAL INFORMATION" shall be on the party designating the material as "CONFIDENTIAL INFORMATION." All depositions shall be treated as "CONFIDENTIAL INFORMATION" for thirty (30) days after receipt of a full and complete transcript by that party's counsel.

Alternatively, information disclosed at a deposition may be designated by any party as "CONFIDENTIAL INFORMATION" by indicating on the record at the deposition the specific portions or categories of information or testimony that are "CONFIDENTIAL INFORMATION." The portions of the deposition testimony containing "CONFIDENTIAL INFORMATION" shall be stamped "CONFIDENTIAL INFORMATION" by the court reporter, and access thereto shall be limited as provided herein.

5.  For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" means information of any type, kind or character which is designated as "CONFIDENTIAL INFORMATION" in the manner specified in this Protective Order by the parties supplying the information, or which has been given a similar designation in any other case.

## USE OF CONFIDENTIAL INFORMATION

6.  All "CONFIDENTIAL INFORMATION" produced or disclosed during discovery in this litigation shall be subject to the following restrictions:

   a.  The documents and information shall be used solely for the purpose of litigation in this case and shall not be used for any other litigation, business or other purpose whatsoever;

      b.      The documents and information shall not be shown or communicated in any way inconsistent with this Protective Order to anyone other than "Qualified Persons," and other persons specifically designated herein.

      c.      No person receiving "CONFIDENTIAL INFORMATION" pursuant to the terms of this Protective Order shall disclose it to anyone except as expressly allowed by this Protective Order; and

      d.      This Protective Order does not either limit the right of the producing party to use its own "CONFIDENTIAL INFORMATION" for any purpose or limit any party in using documents or information to which it has access by other legitimate means.

7.      "Qualified Persons," as used herein, means:

      a.      The judge assigned to this case, personnel of his court, court reporters, video equipment operators at depositions, special masters, any judge of an appellate court having jurisdiction over this case, any authorized personnel of such trial courts or appellate courts, and any mediator appointed or retained to mediate this case;

      b.      Outside counsel for the parties and employees of such counsel, whose access to "CONFIDENTIAL INFORMATION" is necessary for the purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement or administration of this litigation;

      c.      In-house counsel for a party participating in this case and his or her legal staff, whose access to "CONFIDENTIAL INFORMATION" is necessary for the purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of this litigation;

      d.      Third parties retained by a party or counsel for a party in this litigation as

consulting experts or expert witnesses for this litigation and their employees;

   e. Employees of Qualified Persons involved, with respect to this case, solely in one or more aspects of copying, organizing, analyzing, filing, coding, converting, storing or retrieving data, or designating programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, and employees of third-party contractors performing one or more of these functions;

   f. Except as limited by paragraph 15, any named plaintiff or defendant in this litigation and their employees or officers whose access to "CONFIDENTIAL INFORMATION" is necessary for purposes of preparation, pre-trial discovery and proceedings, trial, appeal, mediation, settlement, or administration of such litigation;

   g. Any actual or prospective witness in this litigation who had prior access to the "Confidential Information," except that such a person may only be shown a matter designated as "CONFIDENTIAL INFORMATION" during, or in preparation of his or her testimony, and only to the extent necessary for such preparation or testimony; and

   h. Any other person who is designated as a Qualified Person by written authorization of the party that designated the information as "CONFIDENTIAL INFORMATION," or by order of this Court after notice to all parties and opportunity to be heard.

  8. When any document that includes "CONFIDENTIAL INFORMATION" is filed in this case, all or that portion of any pleadings, motions, testimony, briefs, or other documents containing "CONFIDENTIAL INFORMATION" shall be **marked as an exhibit to a related pleading, motion, memorandum or other similar paper and** filed with the court in a sealed envelope designating the same as subject to this Protective Order, and when so filed, the same

shall be opened only by personnel authorized by the court; provided, nothing in this Protective Order shall otherwise prohibit or restrict a party from presenting, using or referring to any "CONFIDENTIAL INFORMATION" in the form of testimony or documents as part of any pre-trial hearing or other proceeding conducted by the court as long as that party notifies the designating party a sufficient period of time prior to offering such information so that the designating party may ask the court to make such arrangements as are necessary to ensure (i) that only Qualified Persons are present when the "CONFIDENTIAL INFORMATION" is disclosed, and (ii) that hearing transcripts or exhibits are appropriately designated as containing "CONFIDENTIAL INFORMATION."

9. "CONFIDENTIAL INFORMATION" shall not lose its "CONFIDENTIAL INFORMATION" character simply because the documents are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as "CONFIDENTIAL INFORMATION." Any party that wishes to designate any portion of a transcript or deposition as confidential insofar as it relates to such "CONFIDENTIAL INFORMATION" may do so at the time of the testimony or deposition, or within 30 days of the receipt of the transcript by notice to the court reporter and the parties, as described in paragraph 4.

10. At the request of any party, attendance at depositions may be restricted to Qualified Persons and the attorneys for the deponent during the disclosure of "CONFIDENTIAL INFORMATION." Copies of the "CONFIDENTIAL INFORMATION" shall not be allowed to remain in the possession of the deponent or his or her counsel unless each such person shall have executed an acknowledgment in the form designated as Exhibit A.

11. Nothing contained in this Protective Order, and no action taken pursuant to this Protective Order, shall prejudice the right of any party to this Agreement to urge or contest the alleged relevancy or admissibility of any information or any documents subject to this Protective Order. Inspection of "CONFIDENTIAL INFORMATION" by the receiving party shall be conducted only by Qualified Persons who shall treat any information in such documents as "CONFIDENTIAL INFORMATION."

12. The terms of this Protective Order shall not prohibit disclosure of any "CONFIDENTIAL INFORMATION" by any party or its employees to any non-party person or entity who lawfully received or had a copy of or had seen a copy of the "CONFIDENTIAL INFORMATION" prior to its production in this action. The parties, their attorneys and expert witnesses may retain copies of "CONFIDENTIAL INFORMATION" through the end of the litigation. All retained documents shall be subject to the recovery provisions set forth in Paragraph 19 below.

13. If "CONFIDENTIAL INFORMATION" in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body, or any other person not a party to this action, the party to whom the subpoena is directed shall (i) immediately notify in writing counsel for the producing party, advising counsel of the response time for the order or subpoena, and (ii) notify the subpoenaing court, person or entity of the existence of this Protective Order and that the information demanded has been identified as confidential pursuant to this Protective Order. The responsibility for attempting to prevent the disclosure or production of such "CONFIDENTIAL INFORMATION" shall exclusively rest with the party who produced the information as confidential and they shall respond within ten (10) business days of receipt of notice of the subpoena. If the producing party objects to disclosure within such ten (10) day

period, the subpoenaed party shall not disclose the "CONFIDENTIAL INFORMATION" without the written consent of the producing party or an order of the court having jurisdiction over the subpoena. A party's voluntary compliance with a subpoena for that party's "CONFIDENTIAL INFORMATION" shall not be construed as a waiver of the confidentiality provisions of this Protective Order.

## CHALLENGING CONFIDENTIAL DESIGNATIONS

14. If subsequent to being furnished any information, document or thing designated as "CONFIDENTIAL INFORMATION," a party wishes to challenge any other party's claim of confidentiality, based on a good faith belief that the material is not entitled to protection under Rule 26 of the Federal Rules of Civil Procedure, the objecting party shall give written notice thereof to the party who has made the claim of confidentiality, identifying the information or documents that the objecting party contends are not properly designated as confidential, and the basis for such contention, and allow at a minimum seven (7) business days for the designating party to serve a written response. The objecting party may thereafter raise with the court the propriety of the designation. Such documents shall be treated as "CONFIDENTIAL INFORMATION" until the court rules that they are not "CONFIDENTIAL INFORMATION," and until the party opposing such a ruling has been allowed five (5) business days to move for a stay of the court's decision pending appeal. Should such a stay be granted, the documents will be treated as "CONFIDENTIAL INFORMATION" until the appeal has been decided.

## PROPRIETARY INFORMATION NOT TO BE DISCLOSED TO OTHER PARTIES

15. Any party who believes in good faith that any "CONFIDENTIAL INFORMATION" disclosed or produced by it contains or reflects trade secrets or confidential proprietary information of such a sensitive nature that disclosure should not be made to another party or an employee or officer of another party may designate such documents or information as

{N2657780.1}                                   8

"ATTORNEYS ONLY" or "OUTSIDE ATTORNEYS ONLY" or with some similar designation. Except as described below, documents and information designated "ATTORNEYS ONLY" shall not be disclosed to the representatives, employees or officers of any non-disclosing party or non-party other than Qualified Persons described in subparagraphs 7(a) - 7(e) above, and documents or information designated "OUTSIDE ATTORNEYS ONLY" shall not be disclosed to anyone other than Qualified Persons described in subparagraphs 7(a), 7(b) and 7(d) above. In the event counsel for a plaintiff or a defendant, other than counsel for the disclosing party, desires to disclose any document or information designated "ATTORNEYS ONLY" to any employee of a non-disclosing party or non-party (other than Qualified Persons described in subparagraphs 7(a) - 7(e) above), at a discovery deposition or otherwise, he shall give at least five (5) business days' advance notice of the intended disclosure of such document or information so that the disclosing party may seek a protective order or other appropriate relief. If no protective order is sought, the disclosing party will be deemed to have waived any objection to such disclosure, but not to the designation "ATTORNEYS ONLY." If a motion for protective order is requested, the document or information shall not be disclosed to the officers or employees of the non-disclosing party until the court has ruled on the request for a protective order. Nothing in this paragraph shall prohibit the filing of documents under seal as provided in this Protective Order, the disclosure of the documents to outside counsel for the non-disclosing parties, or the disclosure of the documents to any consulting or testifying expert retained by any party to assist in the prosecution or defense of this case.

16. The parties shall be allowed to utilize "CONFIDENTIAL INFORMATION," including that marked as "ATTORNEYS ONLY" and "OUTSIDE ATTORNEYS ONLY" for cross-examination or rebuttal purposes without giving notice to the provider other than

requesting a bench conference at trial prior to use of the "CONFIDENTIAL INFORMATION" as long as such use of "CONFIDENTIAL INFORMATION" at trial is in accordance with the terms of the pretrial order entered in this case and other applicable rules.

## INADVERTENT OR UNINTENTIONAL DISCLOSURE

17. Any inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION or privileged material will not be construed as a waiver, in whole or in part, of (i) any party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or after that date, or (ii) any party's right to designate said material as CONFIDENTIAL INFORMATION pursuant to this Protective Order. This Protective Order does not in any way deprive any party of its right to contest another party's claims to protection for confidential or privileged information. Privileged material that is inadvertently or unintentionally produced shall be returned to the producing party either upon request or promptly upon discovery of the inadvertent or unintentional disclosure, whichever occurs first. The inadvertent or unintentional production of alleged privileged information shall not be construed or argued to be a waiver of the privilege, nor shall its return be construed as an admission that a privilege exists.

## GENERAL PROVISIONS

18. This Protective Order may only be modified (a) by mutual agreement of all interested parties on the record during a deposition or hearing, (b) by a written agreement signed by all interested parties, or (c) by subsequent order of this Court.

19. This Protective Order shall survive the final termination of this action and shall remain in effect after the conclusion of this litigation. Within thirty (30) days after the conclusion of a party's participation in this litigation (including any appeal from any judgment), and subject to further order of the court or written stipulation of the parties, upon written request

each party shall, at the producing party's option, either (i) return all CONFIDENTIAL INFORMATION to the party furnishing the CONFIDENTIAL INFORMATION or (ii) destroy all documents, exhibits, deposition transcripts and all copies and summaries, in whole or in part, thereof, that were produced, disclosed or otherwise obtained from other parties pursuant to this action, and which contain any information designated as "CONFIDENTIAL INFORMATION." The return or destruction of materials as specified in items (i) and (ii) above includes pertinent portions of all notes, memoranda, summaries, or other documents (excluding pleadings, attorney notes and work product) in the possession, custody or control of any party or any entity or other person who had access to such information, including each party's attorneys, witnesses and experts. **"CONFIDENTIAL INFORMATION" filed in the court record as an exhibit under seal shall disposed of after the conclusion of the case as provided by Local Rule 79.3.**

20. All documents, exhibits, deposition transcripts, or copies or summaries in whole or in part thereof (regardless of whether this material contains information designated by the opposing party as "CONFIDENTIAL INFORMATION") produced, divulged or otherwise revealed as part of this action shall be used exclusively for purposes of this lawsuit and shall not be used by any party hereto in connection with any research, marketing, bidding, hiring, negotiations, publicity or in any other business context or in any other legal proceeding, or otherwise other than as expressly provided for herein. The provisions of this Protective Order shall not apply to any information or document which is already public knowledge or becomes public knowledge other than as a result of disclosure in this action, or which has come or shall come into a party's possession by legitimate means independently of disclosure in this action.

## **SWORN ACKNOWLEDGMENTS OF ORDER**

21. With respect to each person described in subparagraphs 7(d), 7(f), or 7(g), such persons shall, prior to receiving disclosure of any CONFIDENTIAL INFORMATION, execute a written statement in the form attached hereto as Exhibit A.

22. The court will prescribe procedures as it deems reasonable and necessary with respect to "CONFIDENTIAL INFORMATION" at any trial of this case.

23. Nothing herein shall be deemed a waiver of any right of the parties hereto under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the doctrines of attorney-client privilege, joint defense privilege, or attorney work product.

Baton Rouge, Louisiana, June 25, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FELDER'S COLLISION PARTS, INC. | : | CIVIL ACTION |
| | : | |
| VERSUS | : | NO. 12646-JJB-SCR |
| | : | |
| GENERAL MOTORS COMPANY, | : | JUDGE JAMES J. BRADY |
| ALL STAR ADVERTISING AGENCY | : | |
| INC., ALL STAR CHEVROLET NORTH, LLC, | : | MAGISTRATE JUDGE |
| ALL STAR CHEVROLET, INC., and | : | STEPHEN C. RIEDLINGER |
| DOE DEFENDANTS 1-25 | : | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**
**REGARDING CONFIDENTIALITY**

I have been provided access, by counsel for one of the parties to the above lawsuit, to information marked "CONFIDENTIAL INFORMATION." I understand that such designation was made subject to the terms of the Protective Order Regarding Confidentiality in the above lawsuit, of which I have been provided a copy.

If "CONFIDENTIAL INFORMATION" has been physically provided to me, I agree to return or destroy such "CONFIDENTIAL INFORMATION" at the direction of the person providing it to me.

I agree that in all respects I will abide by the terms of the Protective Order Regarding Confidentiality entered in this case and will not communicate or show the contents of such "CONFIDENTIAL INFORMATION" to any other person (other than persons defined as "Qualified Persons" in the Order), will not make copies of such information except as necessary

to perform services in this case, and will preserve such information as confidential and will not use such information for any reason whatsoever beyond use in this action.

This Acknowledgment does not prohibit me from using or disclosing documents or other information, which is already public knowledge or becomes public knowledge other than as a result of disclosure in this action, or which has come or shall come into my possession by legitimate means independently of disclosure in this action.

       [Signature]

       [Printed Name]